FANNIE MITCHELL, Respondent, v. KANSAS CITY, CLINTON & SPRINGFIELD RAILWAY CO., Appellant.

Kansas City Court of Appeals, February 5, 1906.

PASSENGER CARRIERS: Taking Baggage: Statute: Construction. Section 1100, Revised Statutes 1899, is penal and must be strictly construed. It does not require the carrier to take or receive baggage for transportation, but provides a penalty for failure to deliver a check on demand when baggage *is* taken for tranportation; and it is held the evidence shows a refusal to take plaintiff's baggage.

Appeal from Polk Circuit Court.—*Hon. Argus Cox,* Judge.

REVERSED.

*John H. Lucas* and *Rechow & Pufahl* for appellant.

(1) The evidence does not bring the same within the provisions of section 1100, Revised Statutes, 1899;

Session Acts 1852-3, p. 141, sec. 44; Isaacson v. Railroad, 94 N. Y. 278; 16 Am. & Eng. R. R. Cases, 190-1-3.

*E. D. Upton* for respondent.

No brief filed.

ELLISON, J.—This action is for the statutory penalty prescribed for refusing to check the baggage of a passenger. The plaintiff recovered judgment in the trial court.

The statute was enacted in 1852 and appears in the revision of 1899 as section 1100. It reads as follows: "All baggage, when taken for transporation, shall be checked, if there is a handle, loop or fixture, so that the same can be attached, and a duplicate thereof given to the passenger or person delivering the same; and if such check be refused on demand, the corporation shall pay to such passenger the sum of ten dollars, to be recovered in a civil action; and, further, no fare or toll shall be collected or received from such passenger, and if such passenger shall have paid his fare, the same shall be refunded; and on producing such check, or if he have no check, on demanding his baggage, if it be not delivered to him, he shall recover the value thereof."

This statute is penal and must be strictly construed. In order to render the defendant liable for the penalty, the baggage must have been "taken for transportation" and a check refused on demand made for a check. The testimony of the plaintiff herself fails to bring her case within the terms of the statute. She stated that the point where she was to take passage was a small village and the defendant's station house had no baggage room. That she had her trunk taken down the night before she was to start and left it in the waiting room. When she arrived at the station, about fifteen minutes before train time, she said to the ticket agent,

"Please give me a ticket and I want my trunk checked to Clinton." The agent told her that there was an attachment out for the trunk. She again said that she would like to get a ticket to Clinton and have her trunk checked. The agent made no further reply and walked away, and plaintiff, seeing that he was not going to sell her a ticket, picked up her money and went off and sat down.

Here is no showing that defendant took the trunk for transportation. On the contrary, it shows a refusal to take it. The statute does not embrace a refusal to take or receive baggage for transportation. It only requires that, on demand, a check shall be given for baggage which is taken.

The judgment is reversed. All concur.